UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. POTTER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:24-cv-00245 SEP |
| MICHELLE BUCKNER, et al., | ) ) ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner's Pro Se Motion for Preliminary Injunction and Temporary Restraining Order. Doc. [13]. In his motion, Petitioner alleges mistreatment by a correctional officer at the facility where he is in custody. *Id*. For the reasons set forth below, the motion is denied without prejudice to his ability to bring such claims in a separate cause of action.

In this case, Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is pending before the Court. *See* Doc. [1]. In the instant motion, Petitioner appears to seek relief under 42 U.S.C. § 1983. Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for constitutional claims against state officials. But the statutes differ in both scope and operation.

A state prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Challenges to the conditions of confinement and other actions against state officials for civil wrongs may be presented in a § 1983 action. While Petitioner may simultaneously seek relief under § 1983 by filing a separate civil action, he may not seek relief under § 1983 in this habeas case. The Court will order the Clerk of Court to mail to Petitioner a copy of the Court's form prisoner civil rights complaint so that he may file a separate action under § 1983 if he so chooses. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Pro Se Motion for Preliminary Injunction and Temporary Restraining Order, Doc. [13], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to Petitioner a copy of the Court's form prisoner civil rights complaint.

Dated this 28th day of June, 2024.

_____
SARAH E. PITLYK, U.S. DISTRICT JUDGE