# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH COUNTS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:24-cv-00489 SEP |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Before the Court is a letter sent to the Clerk of Court by self-represented Plaintiff Joseph Counts in this closed civil case. Doc. [14]. The Court construes the letter as a motion for reconsideration of the dismissal of his case. For the reasons set forth below, the motion is denied.

### BACKGROUND

Plaintiff initiated this action on March 26, 2024, by filing a three-page "Petition for Declaratory and Injunctive Relief" under the Declaratory Judgment Act, 28 U.S.C. § 2201. Doc. [1]. Plaintiff indicated he was subject to "pretrial detention adjudicated under the Southern District Court of Illinois."[1] *Id.* at 1. While in pretrial detention, he alleged, "the 20th Judicial Circuit of Franklin County, MO accepted and filed a pro se ex-parte order of protection against [him]." *Id.* Plaintiff challenged the order of protection in state court without success. *Id.* at 2. He complained about the way his challenge was handled and alleged that he was unable to appear for hearings in state court due to his pretrial detention. *Id.* at 2-3. Plaintiff asked this Court to use "supremacy and discretionary powers" to "declare the order of protection against him illegal and therefore unenforceable." *Id.*

This action was dismissed on June 28, 2024, for lack of subject matter jurisdiction. Doc. [9]. The Court explained that it did not have authority to invalidate the state court order of protection or overrule an action made by a state court. *Id.* The Court further advised that a federal or state prisoner cannot use the Declaratory Judgment Act, 28 U.S.C. § 2201, to seek relief from a state court decision. *Id.*

---

[1] Petitioner was charged with possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). *See United States v. Counts*, Case No. 21-cr-30068-SPM-1 (S.D. Ill. indicted May 18, 2021).

On July 4, 2024, Plaintiff sent a two-page letter to the Clerk of Court, asking for it to "serve as [a] motion to reconsider." Doc. [14]. He appears to argue that this Court should reconsider its dismissal because self-represented filings are to be liberally construed and jurisdiction should have been inferred because he cited "due process" issues. *Id.*

## DISCUSSION

Rule 59(e) allows a court to correct its own mistakes in the time immediately following judgment. Rule 59(e) motions "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1998)). Rule 60(b) allows the court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). It "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted).

The Court has reviewed Plaintiff's letter and finds no basis for altering or amending its prior decision. Plaintiff does not point to any manifest errors of law or fact or any newly discovered evidence, nor does he demonstrate any exceptional circumstances warranting relief. As this Court has previously determined, it does not have subject matter jurisdiction to provide the relief sought by Plaintiff. Neither Plaintiff's status as a pro se litigant nor his reference to "due process" changes the analysis.

Accordingly,

**IT IS HEREBY ORDERED** that the letter filed by Plaintiff Joseph Counts, construed as a motion for reconsideration, Doc. [14], is **DENIED**.

Dated this 26th day of August, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE